IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JULIE SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>vs.<br><br>SPECIAL K. RANCH, INC.,<br><br>Defendant. | CV 22-59-BLG-SPW<br><br>INJUNCTION AND JUDGEMENT BY CONSENT |

Julie Su, Acting Secretary of Labor, United States Department of Labor (the "Secretary") and Special K Ranch, Inc. ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment and Injunction ("Judgment").

A.  The Secretary filed a Complaint in the above-captioned proceeding alleging Defendant violated provisions of Sections 6, 14(c), and 15 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 206, 214(c), and 215 ("FLSA" or "Act"), and Section 511 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as added by the Workforce Innovation and Opportunity Act, 29 U.S.C. § 794g(c)(1)(A)-(B) ("WIOA").

B.  Defendant appeared by counsel and answered the Complaint.

1

C.      The Court has jurisdiction over the parties and subject matter of this civil action and venue lies in the District of Montana, Billings Division.

D.      The Secretary and Defendant agree to the entry of this Judgment in settlement of this action without further contest.

E.      Defendant agrees to pay its employees in compliance with the FLSA's minimum wage, subminimum wage, and overtime provisions, to comply with the FLSA's recordkeeping and anti-retaliation provisions, and to comply with the career counseling, information, and referrals ("CCIR") and information about self-advocacy, self-determination, and peer mentoring training opportunities in the local geographic area ("training opportunity information") requirements of WIOA.

NOW, therefore, upon the joint motion of the Secretary and Defendant, and for cause shown, it is hereby:

ORDERED, ADJUDGED, AND DECREED, that Defendant, its officers, agents, servants, employees, and each of them hereby is, permanently enjoined and restrained from violating the provisions of §§ 6, 7, 11, 14, and 15 of the FLSA and § 511 of the Rehabilitation Act, of 1973, 29 U.S.C. § 701 *et seq.*, as amended by WIOA, 29 U.S.C. § 794g(c)(1)(A)-(B). Specifically:

## I.      PERMANENT INJUNCTION

1)      Defendant shall not pay employees wages at a rate of less than $7.25 per hour (or at a rate less than such applicable minimum rate as may hereafter be

2

established by amendment to the Act), contrary to section 6 of the FLSA, unless Defendant is authorized to pay a subminimum wage pursuant to a certificate issued under Section 14(c) of the Act and is in compliance with Section 511 of the Rehabilitation Act as stated in paragraph 2(A)–(C) herein.

2) Should Defendant pay employees under Section 14(c) certificate authority, Defendant shall fully comply with § 511 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*, as outlined in the Wage and Hour Division's Field Assistance Bulletins 2016-2, 2019-1 and 2022-4 and Fact Sheet 39H. Defendant must review and verify that each of the required CCIR and training opportunity information services have been documented and completed by the Designated State Unit (DSU) and/or Defendant, as applicable, within the timeframes required and as appropriate.

A) For all current employees who were paid at a subminimum wage prior to July 22, 2016, Defendant will review documentation and ensure they are provided with CCIR by the DSU and will itself provide these employees with training opportunity information no later than July 21, 2024, and by July 21 of each year thereafter.

B) For all current employees hired and paid a subminimum wage on or after July 22, 2016, otherwise called "new hires", Defendant will review documentation and ensure they are provided with CCIR services by the DSU and

3

will itself provide training opportunity information every six months for the first year of subminimum wage employment and annually thereafter based on the anniversary of the date of their employment at a subminimum wage.

        C)    For current employees who are 24 years of age or younger, hired at subminimum wage after July 22, 2016, Defendant will review and maintain documentation affirming each employee has received all required transition and vocational rehabilitation services, and CCIR prior to employment at a subminimum wage.

3) Defendant shall not, contrary to §§ 7 and 15(a)(2) of the FLSA, employ any non-exempt employees for workweeks longer than forty (40) hours without compensating such non-exempt employees for their employment in excess of forty (40) hours per workweek at rates not less than one and one-half times the regular rates at which they are employed.

4) Defendant shall not fail to make, keep, and preserve records of its employees of the wages, hours, and other conditions and practices of employment maintained by it as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516. For all employees, such records shall include but are not limited to, all hours worked by each employee in each workday and each workweek, records of compensation paid to each employee in each workweek, the full name and last-known mailing address

of all employees, and the specific method of payment made to each employee. For employees with disabilities paid a subminimum wage, such records shall also include, but are not limited to, all time studies conducted to determine proper commensurate wage rates and all prevailing wage surveys.

5) Defendant shall make such records available at all reasonable times upon reasonable notice to representatives of the Secretary.

6) Defendant shall not, contrary to § 15(a)(3) of the FLSA, in any way retaliate or take any adverse employment action or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA.

## II. PAYMENT OF BACK WAGES AND BENEFITS COUNSELING INFORMATION SESSION

7) Defendant is hereby enjoined from withholding and is ordered to pay the Secretary $166,486 in back wages and $166,486 in liquidated damages that is hereby due under the FLSA, WIOA, and this Judgment to the employees and in the amounts on the attached Exhibit A (or any amendments thereto) for back wages and liquidated damages. Defendant will pay to the Secretary the gross amount of back wages and gross amount of liquidated damages within sixty (60) days from the date of this Judgment.

8) Defendant shall pay the gross amount of back wages and gross amount

5

of liquidated damages online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77705201 or by going to www.pay.gov and searching for "WHD Back Wages Southwest Region." Alternatively, Defendant may send a cashier's check or other certified funds payable to the "Wage and Hour Division, U.S. Department of Labor" and sent to the U.S. Department of Labor, Wage and Hour Division, 525 S. Griffin Street, Room #800, Dallas, TX 75202-5007. The words "Special K Ranch, Inc. – BWs" should be stated on the check. The payment shall be considered timely if it is postmarked on or before the scheduled payment date. If the payment contemplated by this paragraph is more than five (5) days late, Defendant will be in default if it cannot show that such payment was timely made. Any defaulted balance shall be subject to the assessment of interest and penalty interest rates, and collections costs, as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134).

9)   Within 14 days from the entry of this Judgment, Defendant shall provide the Secretary with the contact information for each employee identified on Exhibit A, including full name, last known address, and social security number and the name and contact information (address, telephone number, and email) for each employee's legal guardian.

10)   The Secretary will send a notice to employees, care of their legal guardians, or directly to an employee in the event there is no legal guardian,

explaining (a) the back wages (less applicable deductions) and liquidated damages that the employees are entitled to receive pursuant to the settlement, (b) that a disability advocacy organization will contact them about an informational meeting provided at no cost to furnish information about the impact receipt of the payments could have on employees' federal and/or state benefits, (c) the availability of benefits counseling and services, and (d) how to request payment of amounts owed.

11) After an employee has had ample opportunity to attend the informational meeting and consider and accept any benefits counseling or other services, the employees listed on Exhibit A, together with their guardians and/or legal representatives, may request payment from the Secretary for their back wages and liquidated damages in the amount listed in Exhibit A (or any amendments thereto) as due to them (less applicable deductions). Employees and/or their legal guardians may request payment by completing the form attached to the written notice described in paragraph 10, above, and submitting the form to the Secretary at the listed address.

12) After receiving payment requests from employees and/or their legal guardians, the Secretary will distribute the amounts owed for back wages (less applicable deductions) and liquidated damages to the employees or former employees identified on Exhibit A (which includes the corresponding gross amount owed to each individual) or their legal representatives as their interests may appear.

7

If employee payment requests are not received within 120 days of the date of this Judgment, the Secretary will make efforts to locate and obtain payment instructions from such employees or personal representatives of the employees, or issue payments to them. Defendant will receive a Form 941 quarterly with the reported wages that were paid, and the tax liability owed. Defendant is responsible for the employer's share of the FICA tax regarding the back wages distributed by the Secretary. If amounts owed to an employee are not accepted within three years, the Secretary shall deposit the amounts into the United States Treasury as miscellaneous receipts.

13) Defendant will not in any way, directly or indirectly, demand or require any of the back wages or liquidated damages from any of the employees listed on Exhibit A or from their guardians or representatives. Defendant shall not threaten that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment.

14) Each party shall bear all fees and other expenses incurred by such party in connection with any stage of this proceeding including but not limited to attorneys' fees and costs that may be available under the Equal Access to Justice Act.

//

IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

DATED this __19th__ day of December, 2023.

                                           _/s/ Susan P. Watters_
                                           SUSAN P. WATTERS
                                           United States District Judge

## EXHIBIT A

| Name | Back Wage Payment | Liquidated Damages Payment | Total Payment |
| --- | --- | --- | --- |
| 1. Aexes, Catherine | $5,915.54 | $5,915.54 | $11,831.08 |
| 2. Bailey, Morgan | $3,033.16 | $3,033.16 | $6,066.32 |
| 3. Beadle, Angela | $3,665.79 | $3,665.79 | $7,331.58 |
| 4. Beavans, Bret | $5,014.22 | $5,014.22 | $10,028.44 |
| 5. Bogrett, Laurie | $4,825.46 | $4,825.46 | $9,650.92 |
| 6. Cheshire, Benjamin | $4,327.76 | $4,327.76 | $8,655.52 |
| 7. Cochran, Rodney | $5,010.85 | $5,010.85 | $10,021.70 |
| 8. Eide, Dallas | $5,759.36 | $5,759.36 | $11,518.72 |
| 9. Fortin, Bryan | $4,714.62 | $4,714.62 | $9,429.24 |
| 10. Freyenhagen, Ariel | $5,295.54 | $5,295.54 | $10,591.08 |
| 11. Gordon, Cindi | $5,050.32 | $5,050.32 | $10,100.64 |
| 12. Guthridge, Kiele | $5,283.62 | $5,283.62 | $10,567.24 |
| 13. Hadlock, Deborah | $4,300.20 | $4,300.20 | $8,600.40 |
| 14. Haworth, Stephanie | $3,445.13 | $3,445.13 | $6,890.26 |
| 15. Hedstrom, Andrew | $4,113.05 | $4,113.05 | $8,226.10 |
| 16. Himes, Michael | $1,781.90 | $1,781.90 | $3,563.80 |
| 17. Holmquist, Cassidy | $4,861.92 | $4,861.92 | $9,723.83 |
| 18. Johnson, Benjamin | $3,966.60 | $3,966.60 | $7,933.20 |
| 19. Klee, Alex | $5,949.21 | $5,949.21 | $11,898.42 |

| | | | |
|---|---|---|---|
| 20. Lalim, Stephanie | $4,247.82 | $4,247.82 | $8,495.64 |
| 21. Larsen, Rob | $5,754.84 | $5,754.84 | $11,509.68 |
| 22. LaSeur, Alan | $5,784.66 | $5,784.66 | $11,569.32 |
| 23. Lathrop, Eric | $5,521.70 | $5,521.70 | $11,043.40 |
| 24. LaVeau, Paul | $5,105.39 | $5,105.39 | $10,210.78 |
| 25. Lindenbaum, Benjamin | $5,207.76 | $5,207.76 | $10,415.52 |
| 26. Little Soldier, James | $4,696.26 | $4,696.26 | $9,392.52 |
| 27. Litton, Jeremy | $5,296.21 | $5,296.21 | $10,592.42 |
| 28. Lockie, John | $3,959.70 | $3,959.70 | $7,919.40 |
| 29. Morelli, Stephanie | $5,646.94 | $5,646.94 | $11,293.88 |
| 30. Nelson, Billie | $6,208.84 | $6,208.84 | $12,417.68 |
| 31. Scheidler, Justin | $4,236.20 | $4,236.20 | $8,472.40 |
| 32. Scheidler, Rachel | $5,288.28 | $5,288.28 | $10,576.56 |
| 33. Sheridan, Brice | $3,904.60 | $3,904.60 | $7,809.20 |
| 34. Wennemar, Greg | $3,831.04 | $3,831.04 | $7,662.08 |
| 35. Willems, Robin | $5,481.18 | $5,481.18 | $10,962.36 |